UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: NONJUDICIAL FORFEITURE ) <br> PROCEEDING                                ) <br>                                                  ) | MBD No. |

**JOINT MOTION TO EXTEND TIME TO**
**FILE CIVIL FORFEITURE COMPLAINT AND/OR**
**OBTAIN INDICTMENT ALLEGING FORFEITURE**

The United States of America, by and through its attorney, Carmen M. Ortiz, United States Attorney for the District of Massachusetts, as authorized pursuant to 18 U.S.C. § 983(a)(3)(A), hereby moves upon agreement of the parties to extend from May 8, 2013 to July 8, 2013 the time in which the United States is required to file a Verified Complaint for Forfeiture *in Rem* and/or obtain an Indictment alleging forfeiture regarding the following property to which a claim has been filed by Justin Dupras and Lacy Dupras (the "Claimants") in a nonjudicial civil forfeiture proceeding with the United States Drug Enforcement Administration ("DEA"):

    a.    $40,000 in United States currency seized from Justin Dupras at Logan International Airport, East Boston, Massachusetts on December 6, 2012 (the "Currency").

A proposed Order to Extend Time to File Civil Forfeiture Complaint And/Or Obtain Indictment Alleging Forfeiture is submitted herewith. The United States and the Claimants, in support of this Motion, state as follows:

    1.    DEA seized the Currency on or about December 6, 2012 pursuant to 21 U.S.C. § 881.

2.	DEA sent notice of its intent to forfeit the Currency administratively, as required by 21 U.S.C. § 983(a)(1)(A).

3.	The Claimants filed a claim to the Currency, which was received by the DEA on a timely basis.

4.	No other person has filed a claim to the Currency as required by law in the nonjudicial civil forfeiture proceeding, and the time within which to file such claims has expired. *See* 18 U.S.C. § 983(a)(2)(A)-(E).

5.	DEA transmitted the claim received in the nonjudicial civil forfeiture proceedings for the Currency to the United States Attorney for the District of Massachusetts, for the purpose of initiating a judicial forfeiture action against the Currency.

6.	18 U.S.C. § 983(a)(3)(A)-(C) states:

>	(A)	Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown <u>or upon agreement of the parties</u>.
>
>	(B)	If the Government does not -
>
>>		(i)	file a complaint for forfeiture or return the property, in accordance with subparagraph (A); or
>>
>>		(ii)	before the time for filing a complaint has expired -
>>
>>>			(I)	obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and
>>>
>>>			(II)	take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute,
>
>	the Government shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense.

      (C)    In lieu of, or in addition to, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment. If criminal forfeiture is the only forfeiture proceeding commenced by the Government, the Government's right to continued possession of the property shall be governed by the applicable criminal forfeiture statute.

(Emphasis added).

7.    Pursuant to 18 U.S.C. § 983(a)(3)(A)-(C), unless the time is further extended by the Court for good cause or upon agreement of the parties, the United States is required to file a complaint for forfeiture against the Currency and/or to obtain an indictment alleging that the Currency is subject to forfeiture no later than May 8, 2013.

8.    If the United States fails to file a complaint for forfeiture and/or to obtain an indictment by the specified date, it is required to release the Currency and may not take any further action to effect the civil forfeiture of the Currency in connection with the underlying offense.

9.    The United States and the Claimants have agreed to, and jointly request, an extension of time to and including July 8, 2013, so that the parties may continue to explore resolution of this matter without the need for a judicial action.

## CONCLUSION

The United States and the Claimants jointly and respectfully request that the Court enter an Order extending the period in which the United States is required to file a complaint against the Currency and/or to obtain an indictment alleging that the Currency is subject to forfeiture up to and including July 8, 2013.

Respectfully submitted,

| | |
|---|---|
| CARMEN M. ORTIZ, <br> United States Attorney, | JUSTIN and LACY DUPRAS <br> By their attorney, |
| By: /s/Mary B. Murrane <br> MARY B. MURRANE <br> Assistant United States Attorney <br> 1 Courthouse Way, Suite 9200 <br> Boston, MA 02210 <br> (617) 748-3100 <br> mary.murrane@usdoj.gov | By: /s/Patrick T. Matthews <br> PATRICK T. MATTHEWS <br> Coastal Legal Affiliates, P.C. <br> 251 Bank Street <br> Fall River, MA 02720 <br> (508) 676-6900 <br> ptmatthews@fallriverattorneys.com |

Date: May 8, 2013

## CERTIFICATE OF SERVICE

I, Mary B. Murrane, Assistant United States Attorney, hereby certify that the foregoing Joint Motion to Extend Time to File Civil Forfeiture Complaint and/or Obtain Indictment Alleging Forfeiture, as well as the proposed Order Extending Time to File Civil Forfeiture Complaint and/or Obtain Indictment Alleging Forfeiture, was sent via first class mail to Claimants' counsel, Patrick T. Matthews, Esq., Coastal Legal Affiliates, P.C., 251 Bank Street, Fall River, Massachusetts 02720.

/s/Mary B. Murrane
Mary B. Murrane
Assistant United States Attorney

Date: May 8, 2013